**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4265

BYRON ANDREW GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-412-A)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Thompson, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Barbara N. Bandfield, Special Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found Byron Green guilty on two counts of possession with intent to distribute five grams or more of cocaine base (crack),[1] and three counts of possession with intent to distribute fifty grams or more of cocaine base (crack).[2] The district court sentenced Green to ninety-seven months incarceration with five years supervised release. Green appeals. Finding that his claim lacks merit, we affirm.

Green argues on appeal that his conviction should be reversed because the district court did not have a factual foundation upon which to base its decision not to appoint new counsel. A district court's decision whether to grant a motion for substitution of counsel will not be disturbed absent an abuse of discretion. [3] This court considers three factors in deciding whether the trial court exceeded its discretion: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense."[4]

We find no abuse of discretion in this case. Green waited until immediately before the start of his trial to inform the court that he desired a new attorney. Although Green argues that the district court's factual inquiry into the basis of his complaint was inadequate, when given an opportunity to make a statement, Green simply said that he was not getting the support he needed. Green expressed no concern over his attorney's competence, diligence, or ability to effectively represent him. In denying the motion, the judge explained that the morning of trial was too late to request the opportunity to seek out new counsel. We find that the district court's inquiry into Green's complaint was adequate.

_____

[1] 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) (1994).
[2] 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) (1994).
[3] **United States v. Gallop**, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211 (1988).
[4] **United States v. Hanley**, 974 F.2d 14, 17 (4th Cir. 1992).

2

Finally, the "lack of support" from counsel was not so severe that it prevented counsel from presenting an adequate defense. Counsel presented an entrapment defense which was consistent with Green's version of events. The fact that the jury rejected Green's defense does not suggest that counsel was ineffective. Thus, the court did not abuse its discretion by denying the motion for appointment of substitute counsel.

Accordingly, we affirm Green's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3